## JOSEPH MASTEN, RESPONDENT, *v.* TOBIAS F. BLACKWELL, JOHN A. GROSS AND HENRY J. BUDDINGTON.

*Joint debtors — death of one, during pendency of action — revival of against his representatives.*

In an action against A. B. and C., copartners, C. died; thereafter judgment by default was entered against A. and B. Afterwards, on motion, the administrator of C. was substituted in place of C. as sole party defendant. *Held*, error; that in such case the action against the administrator should be a new one, arising because of the original debt, the death of one joint debtor, the appointment of his representatives and the insolvency of the surviving joint debtors, and not a continuance of the original action against all the joint debtors.

APPEAL from an order made at Special Term, reviving an action.

The defendants were copartners, doing business under the firm name of Blackwell, Gross & Co.

The action was brought by the plaintiff against the firm, to recover $450, claimed to be due him from the firm, for rent of a house and lot, alleged to have been leased to said firm.

The summons was served on all the defendants. Blackwell and Gross did not answer. The defendant Buddington put in a separate answer.

Pending the action, and on the 7th day of February, 1876, the defendant Buddington died. On the 8th day of April, 1876, the plaintiff entered judgment by default, against Blackwell and Gross,

for the amount of the rent claimed to be due, with interest and costs.

On the 29th day of May, 1876, H. Joseph Buddington was appointed administrator of, etc., of the defendant Henry J. Buddington, deceased, by the surrogate of Ulster county.

The attorneys for the plaintiff, upon affidavit of Reuben Bernard, one of his attorneys, dated June 17, 1876, and upon the pleadings and proceedings in the action, moved at Special Term, held at Kingston, on the 1st day of July, 1876, notice of motion having been served on the attorney for said Henry J. Buddington, for leave to revive and continue the action in the name of H. Joseph Buddington, as the administrator, of, etc., of said H. J. Buddington, deceased, in the place and stead of said deceased, as one of the defendants. The administrator appeared and opposed the motion. An order was made by said Special Term, allowing the plaintiff to proceed with and continue the action against said administrator, and to serve a supplemental or amended complaint, changing the title of the action, by making said H. Joseph Buddington, administrator, etc., sole defendant. From this order H. Joseph Buddington appeals to this court.

*J. M. Cooper*, for the appellants.

*Bernard & Fiero*, for the respondent.

*Per Curiam :*

When an action is pending against several joint debtors and one of them dies, the action cannot, with accuracy, be said to survive against the representatives of the deceased debtor. The cause of action which may arise against them is not the simple common-law action on contract, which was originally brought against all the debtors. But it is an action of equitable character which arises on several facts: the original debt; the death of one joint debtor; the appointment of his representatives, and the insolvency of the surviving joint debtors. This, then, is a new action; not a continuance of the old.

This distinction is important. It shows that the representatives of the deceased are entitled to have the claim, thus arising, pre-

sented to them for allowance, or disallowance, according to the statute. They should not be brought in to contest the old action, in which, merely as representatives of the deceased, they cannot be liable.

This is not a question of mere practice, but of legal liability. Perhaps it would be a wise change of the law to make the representatives of a deceased joint debtor, in all cases, jointly liable with the surviving joint debtors. But that is for the consideration of the legislature.

The order must be reversed, with ten dollars costs and disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing.